UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PEOPLE OF THE STATE OF NEW YORK;
ATTORNEY MATTHEW W. DALOISIO
NEIGHBORHOOD DEFENDER SERVICE OF
HARLEM,

                      Plaintiff,

          -against-

ROBERT WATSON; EVELYN WATSON
(DECEASED),

                     Defendants.

25-CV-5995 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Robert Watson, who is appearing *pro se*, filed a notice of removal to remove a criminal case to this court. He does not, however, identify the case he is seeking to remove. Moreover, he names Matthew W. Daloisio, an attorney with the Neighborhood Defender Service of Harlem, as the plaintiff in this action and his deceased mother as a defendant.

    By order dated July 30, 2025, the Court granted Petitioner's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff 30 days' leave to file an amended notice of removal, naming the People of the State of New York as the plaintiff and himself, Robert Watson, as the defendant, identifying the criminal case he seeks to remove, and the grounds for removal. The Court also directs the Clerk of Court to terminate Daloisio and Evelyn Watson from this action, as they are not proper parties in this removal action.

## DISCUSSION

To remove a state-court criminal action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed

> pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a). If it appears on the face of a notice of removal that removal of a criminal case is impermissible, the district court must summarily remand the action to state court. 28 U.S.C. § 1455(4). The burden of establishing federal question jurisdiction is on the state-court defendant, and any doubts about jurisdiction should be resolved against removal. *Teamsters Local 404 Health Servs. & Ins. Plan v. King Pharm., Inc.*, 906 F.3d 260, 267 (2d Cir. 2018) (citation omitted).

Criminal cases that may be removed to federal court include criminal prosecutions commenced in state court against a federal officer or member of the armed forces for actions taken under the color of office. 28 U.S.C. §§ 1442(a), 1442a. Criminal cases commenced in state court also may be removed if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).

As noted above, Watson does not identify the criminal case he seeks to remove. He also does not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of office. Nor does he assert any facts showing that he cannot enforce his federal equal rights in the state court criminal proceeding he seeks to remove. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights). "That a [defendant] will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of [section] 1443(1)." *Id.*

Should Watson seek to remove a pending criminal case, he must set forth grounds in his amended removal showing that this Court may exercise subject matter jurisdiction of his criminal case.

## CONCLUSION

The Court grants Watson 30 days' leave to file an amended notice of removal. If Watson does not file an amended notice of removal within the time allowed, the Court will dismiss this action and direct the Clerk of Court to enter judgment.

The Court directs the Clerk of Court to terminate Matthew Daloisio and Evelyn Watson from this action, as they are not proper parties in this removal action.

SO ORDERED.

Dated:   September 26, 2025
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge